UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| SECURITY SAVINGS BANK, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-2105-B |
| | § | |
| FIRST MUTUAL BANK | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

This action involves a dispute over a real estate loan between the parties. Before the Court is Defendant's Motion to Dismiss Due to Improper Venue, Or, In The Alternative, to Transfer Venue (doc. 10). After review of the motion and briefing, the Court **GRANTS** the motion to transfer venue pursuant 28 U.S.C. § 1406(a) to the U.S. District Court for the Western District of Washington.

### I. BACKGROUND

On or about October 24, 2006, Plaintiff Security Savings Bank ("SSB") and Defendant First Mutual Bank ("FMB") entered into a Loan Participation and Master Servicing Agreement ("the Master Agreement"). The negotiation and execution of the Master Agreement, and the accompanying Participation Certificate, were conducted between two FMB executive vice presidents and one SSB senior vice president.

Several provisions are relevant here. First, the Participation Certificate is expressly subject to the Master Agreement, and Section 2 of the Master Agreement incorporates the terms of the Participation Certificate. The Participation Certificate also states: "Except as provided in the

Agreement, neither this Certificate nor any interest herein may be sold, assigned, transferred, pledged or hypothecated" and that any modification to the terms of the Master Agreement or the Participation Certificate must be done in writing and signed by both SSB and FMB. The Master Agreement also contains an express forum selection clause:

> 30.9 <u>Governing Law</u>: This Agreement shall be governed and construed in accordance with the laws of the State of Washington. Venue shall like in King County.

Pursuant to Master Agreement, SSB purchased a participation interest in a loan extended by FMB to L29-1 Hisey, L.L.C. (the "Hisey Loan"). The Hisey Loan likewise had a venue provision: "If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of King County." The Hisey Loan is currently in default. Apparently, SSB had some concerns related to the regulatory compliance of the appraisal related to the Hisey Loan and contacted FMB to discuss FMB repurchasing SSB's interest. In July 2007, a series of relevant emails between SSB and FMB employees were exchanged as follows.

In an e-mail dated July 17, 2007, Clay Wilson, the Director of Portfolio Management for SSB emailed Jackie Neether of FMB that "SSB needs to be out of this loan as soon as possible. If the sale is not imminent ... we need to discuss how your institution might buy back our interest in this credit." Neether replied that evening that she had "a call into the borrower and will let you know once [she hears] back from them." On Friday, July 20, 2007, Wilson advised Neether: "We need to get this loan off of our books. This appraisal violation is a significant problem for us. How soon can First Mutual arrange to take us out of this loan?" Wilson again emailed Neether the following Monday that "We need to make some progress on this issue this week." Neether then advised Wilson that she had sent his request

to Robin Secrist and would also "check to see what needs to be done in order to purchase your share back." On Wednesday, July 25, 2007, Crist asked Wilson to confirm the outstanding amount on the SSB portion of the loan and wrote "I think I can have the repurchase completed today." After a follow-up inquiry by Wilson asking "Where do we stand on the repurchase?", Crist sent him an email dated July 26, 2007:

> I apologize for proceeding w/ this matter before I discussed it w/ management. Because the appropriate discounting was considered and performed and therefore the appraisal is not in violation, we will not be repurchasing this loan.

On November 20, 2007, SSB filed the instant action against FMB in the state district court in Dallas County for breach of contract. On December 17, 2007, FMB timely removed the action to this Court. FMB's Motion is now ripe for consideration.

## II.  ANALYSIS

FMB moves to dismiss the action or, in the alternative, to transfer the action pursuant to Federal Rule of Civil Procedure 12(b)(3) (improper venue), 28 U.S.C. § 1404(a) (convenience of parties and witnesses) and 28 U.S.C. § 1406(a) (wrong district). Neither party disputes the validity of the Master Agreement, Participation Certification or the Hisey Loan and, notably, the forum selection clauses within. What the parties dispute is the applicability of the forum selection clause. SSB raises a breach of contract claim against FMB based on the so-called "Repurchase Agreement" which was allegedly formed by the Wilson-Crist July 2007 email. FMB, however, disputes that the email exchange formed a separate and independent agreement and argues that the forum selection clause of the Master Agreement governs.

A.  "Repurchase Agreement"

Based on the alleged facts and exhibits attached to FMB's motion, the Court finds no

separate and independent repurchase agreement that SSB may base its breach of contract claim beyond the Master Agreement, Participation Certificate and Hisey Loan. Put simply, Crist's July 25th statement that "*I think* I can have the repurchase completed today" (emphasis added) will not suffice as the requisite acceptance of Wilson's multiple "offers" to FMB to repurchase SSB's interest in the Hisey Loan. *See, e.g., Haws v. Garrett General Contractors v. Gorbett Bros. Welding*, 480 S.W.2d 607, 609-10 (Tex. 1972) (noting manifestation of assent made by written or spoken words or other actions); *Pacific Cascade Corp. v. Nimmer*, 608 P.2d 266, 268 (Wash. App. 1980) ("Mutual assent generally takes the form of an offer and an acceptance"). Wilson's follow-up inquiry inquiring on "[w]here do we stand" and Crist's subsequent apology that she had proceeded without management approval evinces the absence of FMB assent. Instead, as alleged, the Wilson-Crist email appear to be nothing more than contractual negotiations headed toward consummating a new agreement for FMB to repurchase SSB's interest in the Hisey Loan.[1] *See Pacific Cascade*, 608 P.2d at 269 (emphasizing parties' manifest intent to create agreement indicative of lack of offer and acceptance).

    B.    Forum Selection Clause

Without the so-called Repurchase Agreement, SSB's opposition is devoid of any other substance. SSB provides no authority or support to allow it to evade the express provisions of the Master Agreement, Participation Certificate and the Hisey Loan that proscribe modifications or amendments without written authorization from both SSB and FMB and mandate that the proper forum to address these contractual disputes is before an appropriate court in Washington state. In fact, SSB all but concedes that transfer would be appropriate if, as the Court has found, its breach

---

[1] The Court notes that Wilson's efforts to change the renegotiate the terms of the Hisey Loan are subject to the provisions set forth in the Master Agreement and Participation Certificate. The merits of any breach under those terms, however, are not for this Court to consider.

of contract claim derived from the Master Agreement.  *See* Pl. Resp. at 1 ("If this case were about a dispute under the Master Agreement, there would be no need for Defendant's Motion as SSB would have filed this matter in the venue agreed to in the Master Agreement.").

The Court will nevertheless examine the forum selection clause to ensure that it is fair and reasonable.  *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (emphasizing judicial scrutiny for fundamental fairness); *Int'l Software Systems v. Amplicon*, 77 F.3d 112, 115 (5th Cir. 1996) (same); *see also Pugh v. Arrow Electronics*, 304 F. Supp. 2d 890, 893 (N.D. Tex. 2003) (federal law applies to interpretation of forum selection clause ).  If a moving party seeks to dismiss an action under 28 U.S.C. § 1406(a), as FMB has done here, the Fifth Circuit holds that the clauses are "prima facie" valid and should be enforced.  *Int'l Software*, 77 F.3d at 114-15.  SSB, ostensibly resisting enforcement, bears the burden to show the unreasonableness of enforcement.  *Id.* at 115.

Here, the Court need not delve deep into whether enforcement of the Master Agreement forum selection clause would be unreasonable.  SSB, with the fatal assumption that the Master Agreement did not apply, skips over that unreasonableness inquiry and argues that venue was proper under 28 U.S.C. § 1391(a) and transfer 28 U.S.C. § 1404(a) unwarranted.[2]  Pl. Resp. 5-8.  Nevertheless, the Court still does not find any fundamental unfairness present in the enforcement of the forum selection clause. The dispositive factor is that SSB and FMB had freely negotiated the

---

[2] "A motion to transfer an action to another federal district pursuant to section 1404(a) calls for an 'individualized, case-by-case consideration of convenience and fairness.'" *Int'l Software*, 77 F.3d at 115. Even under such a 1404(a) analysis, the Court still finds that the private and public factors weigh in favor of transfer to the U.S. District Court for the Western District of Washington.  Key witnesses regarding the Master Agreement reside in Washington, the Hisey Loan was executed in Washington and the real property security is in Washington.  In addition, having found no Repurchase Agreement was created, the Court finds little or no interest by Texas jurors in the enforcement of the Master Agreement, Participation Certificate or Hisey Loan.

5

clause. *See Int'l Software*, 77 F.3d at 116 (noting meeting of minds to sue in California). Accordingly, the Court will enforce the Master Agreement forum selection clause to have this matter decided by a court in Kings County, Washington. In the interest of justice and, for the sake of expediency, the Court will transfer the action to the U.S. District Court for the Western District of Washington pursuant to 28 U.S.C. § 1406(a).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to transfer venue to the U.S. District Court for the Western District of Washington.

**SO ORDERED.**

**SIGNED June 18, 2008**

                                                           **JANE J. BOYLE**
                                          **UNITED STATES DISTRICT JUDGE**